## APPEAL BY ONE ACTING IN TWO CAPACITIES.

[Common Pleas Court of Shelby County.]

IN RE ESTATE OF FERDINAND ARKENBERG, DECEASED; (two appeals).

*Appeal by an Administrator—Individual and Trust Capacity—Notice of Intention—Appeal Bond—Section 6408 Construed.*

1. The two methods for perfecting an appeal, which are provided by Section 6408 R. S., for one acting in a fiduciary capacity, are not cumulative, but mutually exclusive, and relate to separate and distinct characters of appeal.

2. Where an administrator has an individual interest in the appeal, written notice of his intention to appeal is not required by this section.

3. Such a notice does not take the place of an appeal bond, unless it appears that the appeal is taken by a party in a fiduciary capacity, and that it is taken in the interest and for the benefit of the trust alone.

4. Whether the appeal is prosecuted in the interest of the trust must be determined from the record and the original papers in the case, authorized to be used by Section 6409; if any presumption of fact arises it is that the administrator is beneficially interested.

MATHERS, J.

These two actions at this stage involve the same question and are therefore decided together. The party in each case in whose favor the order was made in the probate court, now moves this court to dismiss the appeal, because no written notice of an intention to appeal was given by appellant to the probate court, as is required by Section 6408, R. S., when a person in a fiduciary capacity appeals in the interest of the trust.

Admittedly no such notice was given by appellant, but he contends that the appeal is as much in his own private interest as in that of the trust he represents.

Section 6408, regulating appeals from orders of the probate court to this court, after providing how appeals taken in private or individual capacities shall be perfected, provides as follows:

"but when the person appealing from any judgment or order in any court, or before any tribunal, is a party in a fiduciary capacity, in which he has given bond within the state for the faithful dis-

charge of his duties, and appeals in the interest of the trust, he shall not be required to give bond, but shall be allowed the appeal, by giving written notice to the court of his intention to appeal, within the time limited for giving bond."

It will be observed that the language just quoted evidently contemplates that a person in a fiduciary capacity *may* take an appeal when such appeal is not in the interest of the trust, or for the benefit of the trust, as that phrase was held to mean in 57 O. S., 289.   That very decision was made in cases where a party appealed in a fiduciary capacity from a judgment affecting his individual pecuniary interests, and the case of *Biddle, Trustee,* v. *Phipps,* 2 C. C., 61, is another instance.

It does not follow as a necessary inference from the fact that an administrator takes an appeal, as administrator, that therefore the appeal is in the interest of the trust.   If it did—if the Legislature contemplated that whenever an administrator, *ex. gr.,* took an appeal, it must necessarily be in the interest of the trust, the Legislature would not have adopted the language it did in Section 6408.   Rather, it would simply have provided that a party may perfect an appeal by giving bond, unless the appeal is made in a fiduciary capacity, in which case, instead of a bond, written notice to the court shall be sufficient.   But by the plain language of Section 6408, to appeal in a fiduciary capacity is not sufficient to dispense with bond.   The appeal must also be in the interest of the trust.   The Legislature evidently contemplated that appeals would, in the future as they had been in the past, be taken by persons acting in a fiduciary capacity, when the appeal was in the interest of or for the private benefit of the appellant.   And when that happened, it was evidently deemed but just that the appellant should give bond for that particular appeal.   The very fact that he has a private interest in the appeal, puts him rightly in the class required to give bond, for his private interest might bias his judgment as a trustee, and cause him to litigate when otherwise he would not, and induce him to exploit his own individual claims under the guise of an appeal in the interest of the trust, thus making the trust responsible for costs, etc.   Hence, before a written notice to the probate court can take the place of an appeal bond, these two things must *concur,* (*a*) the appeal must

be taken by a party in a fiduciary capacity, and (*b*) it must be taken in the interest or for the benefit of the trust alone. This is plain from the strict construction which is to be given of Section 6408 prescribed by the Supreme Court in *Browne, Assignee, v. Wallace, Assignee,* 66 O. S., 57, where the court held that "as the right of appeal exists by virtue of the statutes, in order to give the appellate court jurisdiction the statutory provision must be strictly followed," and a strict construction of the section, keeping in view what it was intended to accomplish, makes it clear that it provides for two methods for perfecting an appeal and that they are mutually exclusive and relate to separate and distinct characters of appeal.

It is admitted by counsel for appellees that Ferdinand Arkenberg, Jr., administrator, etc., and Ferdinand Arkenberg, Jr., is the same person, but under objection to the competency and relevancy of that fact. The objection is overruled. The very thing necessary to know in order to determine this motion to dismiss the appeal is whether or not it is made in the interest of the trust, for it appears to have been taken by Arkenberg as administrator.

The pivotal question for determination, therefore, is, "Is this appeal in the interest of the trust?" As has been intimated before, the word "interest" here does not mean "in respect of." So that merely because the appeal relates to the trust does not necessarily imply that it is in the interest of the trust. That contention is effectually disposed of by the decision in the 57th O. S., p. 297. In that case the Supreme Court held that the words "in the interest of the trust" mean "for the benefit of the trust." The court then goes on to speak of the right to perfect an appeal without giving an appeal bond as being more in the nature of a privilege given by statute to one acting in a fiduciary capacity. It is easily inferable that the Legislature thereby intended to facilitate any action which the person acting in a fiduciary or trust capacity might deem necessary for the benefit of the trust, by not requiring him to go to the trouble or expense of giving a new bond in each instance, and to relegate any person injured by such action to a suit on the bond given in the first instance to secure a proper performance of fiduciary duties; and yet to require a trustee, or person acting in a fiduciary capacity, whenever his own personal

or individual interests were affected by an order from which he desired to appeal, to give bond just like any other person. This is evidently the construction to be placed upon Section 6408, by the decision in the 57th O. S., *ante,* and the reason for such a provision is to prevent a person from using his fiduciary character to enable him to prosecute appeals which are really intended for his own personal and private benefit.

In determining whether this appeal is prosecuted for the benefit of the trust, this court can not go outside record and the original papers authorized to be used by Section 6409. There is nothing in the transcript to show whether it is in the interest of the trust or of the administrator. The transcript only shows that such proceedings were had in the probate court that appellant was ordered to pay the appellees each a certain sum of money out of the estate of Ferdinand Arkenberg, Sr., deceased, of which appellant is administrator de bonis non with the will annexed; that the administrator caused notice to be given on the journal of that court of his intention to appeal from said order; and that the probate judge fixed the amount of the undertaking in appeal and approved the same, together with the surety, which appellant gave. Among the papers is this undertaking in appeal, which is signed by Ferdinand Arkenberg in his individual capacity, and not as administrator.

No presumption of fact arises that the administrator of an estate is not beneficially interested. On the contrary, the presumption would rather be the other way, especially where he was of the same name as the deceased, because Section 6005 prefers the husband or widow, next of kin, or creditors, over strangers, in the selection of administrators, and all these are personally interested in the estate. So it is very probable that an administrator will be found to be interested as a beneficiary in the estate. It is easily conceivable that an order or judgment of the probate court might affect an administrator with the will annexed, either solely in his fiduciary capacity, or both in that and his personal character, too. It has been held by the Supreme Court of Ohio that, in the latter case, "where one who is a party in a fiduciary capacity to an action or proceeding, appeals from a judgment therein, affecting adversely his own pecuniary interests, he is required by Section 6408,

R. S., to give an appeal bond"—57 O. S., 289. And if he is required to give an appeal bond, then no formal written notice to the court is required to be given and filed, for the two parts of Section 6408 are not cumulative but relate to distinctly separate characters of appeal.

But Section 6409 provides that the original papers may be used on the trial or hearing in the court of common pleas in cases of appeal to that court from an order or judgment of the probate court. The petitions of the appellees, filed in the probate court, refer to an action had in the common pleas court of this county for a construction of the will involved in this action and which is the basis of the claims of the appellees against the estate. An inspection of the papers which came up with this appeal shows that the administrator is interested very deeply in his personal capacity. To have dispensed with a bond on his appeals would, in the judgment of this court, have violated the rule laid down by the Supreme Court in the 57th O. S., *ante,* and therefore he properly gave one in order to perfect them.

The motion to dismiss the appeals is overruled.

*S. J. Hatfield* and *Layton & Son,* for appellant.

*Goeke & Hoskins,* for appellees.

---

## PRIORITY OF JUDGMENT LIEN WHERE VOID JUDGMENT OF REVERSAL INTERVENES.